IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK BRITTON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | C.A. No. ___3:16-cv-2387___ |
| | § | |
| STANDARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### EXHIBIT B - INDEX OF STATE COURT DOCUMENTS

1.  Copy of the Civil Docket Sheet;

2.  Plaintiff's Original Petition, Request for Disclosure and Jury Demand; filed 06/28/2016;

3.  Citation to Standard Insurance Company, filed 06/28/2016;

4.  Affidavit of Service of Citation on Standard Insurance Company, filed 07/22/2016; and

5.  Defendant's Original Answer, filed 08/15/2016.

Exhibit

B

Respectfully submitted,


By*:   /s/ Ryan K. McComber*
      Ryan K. McComber
      State Bar No. 24041428
      ryan.mccomber@figdav.com
      Kristina A. Kiik
      State Bar No. 24074532
      kristina.kiik@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas  75202
Tel:  (214) 939-2000
Fax:  (214) 939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY


## CERTIFICATE OF SERVICE

     I certify that the following parties have been served via certified mail, return receipt requested, on this the 16th day of August, 2016:

Marc S. Whitehead               Via CM/RRR
marc@marcwhitehead.com
J. Anthony Vessel
Anthony@marcwhitehead.com
Britney Anne Heath McDonald
Britney@marcwhitehead.com
Marc Whitehead & Associates,
Attorneys at Law, L.L.P.
5300 Memorial Drive, Suite 725
Houston, Texas  77007


                /s/ *Ryan K. McComber*
                Ryan K. McComber

# DC-16-07847 - MARK BRITTON vs. STANDARD INSURANCE COMPANY

| | |
|---|---|
| Case Number: DC-16-07847 | Court: 162nd District Court |
| File Date: 06/28/2016 | Case Type: INSURANCE |
| Case Status: OPEN | |

PLAINTIFF : BRITTON, MARK

## Active Attorneys
### Lead Attorney:
#### WHITEHEAD, MARC STANLEY
Retained
Work Phone: 713-228-8888
Fax Phone: 713-225-0940

DEFENDANT : STANDARD INSURANCE COMPANY
Address:
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201-3136

## 06/28/2016 NEW CASE FILED (OCA) - CIVIL
## 06/28/2016 ORIGINAL PETITION
Original Petition.pdf
Comment: PETITION
## 06/28/2016 ISSUE CITATION
ISSUE CITATION
## 07/05/2016 CITATION

| | |
|---|---|
| Anticipated Server: MAIL | Anticipated Method: |
| Actual Server: PRIVATE PROCESS SERVER | Returned: 07/22/2016 |
| Comment: MAIL ATTY SENT OUT ON 7/5-CM | |

## 07/22/2016 RETURN OF SERVICE
AX02A16702442.PDF

BRITTON, MARK

| | | | |
|---|---|---|---|
| Total Financial Assessment | | | $316.82 |
| Total Payments and Credits | | | $316.82 |
| | | | |
| 6/29/2016 | Transaction Assessment | | $316.82 |
| 6/29/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 40974-2016-DCLK   BRITTON, MARK | ($316.82) |

Original Petition.pdf
ISSUE CITATION
AX02A16702442.PDF

FILED
DALLAS COUNTY
6/28/2016 4:12:35 PM
FELICIA PITRE
DISTRICT CLERK

No. <u>DC-16-07847</u>

Christi Underwood

| | | |
|---|---|---|
| MARK BRITTON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STANDARD INSURANCE COMPANY, | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION,
## REQUEST FOR DISCLOSURE and JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

1.     NOW COMES MARK BRITTON, hereinafter referred to as "Plaintiff", and brings this action against STANDARD INSURANCE COMPANY, hereinafter referred to as "Defendant."

2.     Plaintiff brings this action to secure all disability benefits, whether they be described as short term and/or long term, or life waiver premium benefits to which Plaintiff is entitled under the disability insurance policy underwritten and administered by Defendant.

3.     Defendant has underwritten and administered the policy and has issued a denial of the benefits claimed under the policy by the Plaintiff.  The policy at issue can be identified as Policy Number 641747-C for long term disability and waiver of premium.

### I. PARTIES

4.     Plaintiff is a citizen and resident of Dallas County, Texas.

5.     Defendant is a properly organized business entity doing business in the State of Texas. Defendant may be served with process by serving its registered agent,

1

C T Corporation System, addressed at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II. JURISDICTION AND VENUE

6.     This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction. Specifically, the Plaintiff is a resident of the State of Texas and Defendant, a foreign corporation is authorized to do business in the State of Texas.

7.     The disability policy at issue in the case was issued in the State of Texas.

## III. THE CLAIM ON THE POLICY

8.     Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective January 1, 2002.

9.     Plaintiff is a 52 year old man previously employed as a "Secondary School Teacher".

10.     Secondary School Teacher is classified under the Dictionary of Occupational Titles as light with an SVP of 7 and considered to be skilled work.

11.     Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on July 9, 2011, as on this date Plaintiff suffered from muscle fatigue and weakness, soreness, pain, poor balance, and spasticity.

12.     Plaintiff alleges he became disabled on July 10, 2011.

13.     Plaintiff filed for short term disability benefits with Defendant.

14.     Short term disability benefits were *granted*.

2

15.    Plaintiff filed for long term disability and waiver of premium benefits through the Plan administered by the Defendant.

16.    Defendant initially granted Plaintiff's request for long term disability benefits under the Plan.

17.    Subsequently, Defendant denied further long term disability benefits under the Plan pursuant to a letter to Plaintiff dated December 12, 2013. Said letter allowed Plaintiff 180 days to appeal this decision.

18.    At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform his "Own Occupation".

19.    If granted the Plan would pay monthly benefits of $2,605.74.

20.    Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

21.    Plaintiff timely perfected his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

22.    Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of his own and any other occupation as defined by the Plan.

23.    On August 18, 2015, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability and waiver of premium benefits.

24.    Defendant also notified Plaintiff on August 18, 2015, that Plaintiff had exhausted his administrative remedies.

3

25.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on his ability to engage in work activities.

26.     Plaintiff has now exhausted his administrative remedies.

## IV. MEDICAL FACTS

27.     Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

28.     Plaintiff suffers from chronic obstructive pulmonary disease (COPD), small stroke, Sjogren's syndrome, autoimmune issues, muscle tremors, extreme weakness in both legs and lower back, fibromyalgia and fatigue, plantar fasciitis, and his combined symptomology.

29.     Treating physicians document these diagnoses and the continued pain that requires ongoing pain management.

30.     Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed his ability to engage in any form of exertional activity.

31.     Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

32.     Plaintiff's treating physicians document these symptoms.  Plaintiff does not assert that he suffers from said symptoms based solely on his own subjective allegations.

33.     Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address his multiple symptoms.

4

34.     However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

35.     Plaintiff's documented pain is so severe that it impairs his ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

36.     Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

37.     The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

38.     As such, Plaintiff has been and remains disabled per the terms of the Policy and has sought disability benefits pursuant to said Policy.

39.     However, after exhausting his administrative remedies, Defendant persists in denying Plaintiff his rightfully owed disability benefits.

## V. DEFENDANT'S UNFAIR CLAIMS HANDLING PRACTICES

40.     On or about February 16, 2012, Defendant's internal vocational consultant, Francine Dittrich, MS, CRC, performed a paper review of Plaintiff's claim file. Ms. Dittrich, a vocational case manager, reviewed the file using a DOT assignment that did not consider Plaintiff's job description, education, certifications or other supporting evidence.   While Ms. Dittrich recommended a review of the DOT assignment, she continued her review with an inaccurate DOT assignment.

41.     On or about December 17, 2014, Defendant's internal vocational consultant, Steve Cooper, MS, CRC, performed a paper review of Plaintiff's claim file.

Mr. Cooper erred in his evaluation by altering the actual job requirements from the DOT to include a "block" schedule off of a website called Edutopia.com.  Mr. Cooper used an example from the website that is "actually used at a public middle school in Texas" as the standard for all medical schools. Using the "example" form a website, Mr. Cooper determined Mr. Britton's employer would accept this "example" and allow it's usage in the classroom. After conceding that private schools and private tutoring situations would be more flexible in terms of scheduling and sit/stand options, Mr. Cooper used this flawed reasoning to determine that Mr. Britton could perform the rigors of his own occupation as a public school teacher.

42.     On or about October 9, 2012, Defendant's internal consultant, Ronald Fraback, M.D., internal medicine and rheumatology, performed a paper review of Plaintiff's claim file.  It is important to point out that Dr. Fraback's report contains a statement which confirms he is a "salaried employee of Standard".

43.     On or about November 15, 2013, Defendant's internal consultant and salaried employee, Ronald Fraback, M.D., internal medicine and rheumatology, performed another paper review of Plaintiff's claim file.

44.     Dr. Fraback's reports are misleading, biased and result driven in that the doctor failed to review all relevant medical records, the reports ignore or are contrary to controlling medical authority such as **American College of Rheumatology.**   The reports fail to specify the medical standard upon which they rely.  The reports are based on faulty or incorrect information.

45.     Further, Dr. Fraback failed to consider all the Plaintiff's illnesses.  The doctor failed to consider all the Plaintiff's illnesses in combination.  The reports are

6

conclusory and results driven, as demonstrated by the fact that the reports cherry-pick the information by overemphasizing information that supports the Defendant's position and de-emphasizing information that supports disability and the reports do not consider the standard of disability specified in the Policy.

46.    On or about December 8, 2014, Defendant's paid consultant, Douglas M. Haselwood, M.D., F.A.C.R., rheumatology, performed a peer review of Plaintiff's claim file.

47.    Defendant's paid consultant, Douglas M. Haselwood, relied upon the flawed report of a vocational case manager, Francine Dittrich in making his determination that Mr. Britton could perform his own occupation.

48.    Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Dr. Haselwood.  Defendant in bad faith, relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

49.    Defendant has failed to consider Plaintiff's credible complaints of pain and fatigue which limit Plaintiff's ability to function.

50.    Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled.

51.    Defendant has failed to apply proper definition of disability.  For the first 24 months, Mr. Britton must be unable to perform with reasonable continuity the material duties of his own occupation.

7

52.     Defendant has failed to consider the side effects of Plaintiff's medication.

53.     Defendant failed to allow Plaintiff an opportunity to respond to new evidence that first appeared in Defendant's final denial letter.  Specifically, there is an indication that a Mary Ann Joyce, RN, CCM reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with a complete copy of said review.

54.     Defendant's consultants completed their reports without examining Plaintiff.

55.     At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

56.     Defendant's determination was influenced by its conflict of interest.

57.     Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

58.     The long term disability plan gave Defendant the right to have Plaintiff to submit to a physical examination at the appeal level.

59.     A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

60.     More information promotes accurate claims assessment.

61.     Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

62.     Plaintiff repeats and re-alleges paragraphs 1 through 61 of this Complaint as if set forth herein.

63.     Plaintiff paid all premiums due and fulfilled all other conditions of the Plan.

64.     Under the terms of the Plan, Defendant is obligated to pay Plaintiff benefits, in full and without reservation of rights, during the period of time that Plaintiff is suffering totally disabled, as those words are defined in the Plan.

65.     In breach of its obligations under the aforementioned Plan, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering "totally disabled," as those words are defined in the Plan.

66.     Defendant stopped paying benefits to Plaintiff under the Plan, despite the fact that Plaintiff was totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow.

67.     Defendant breached the Plan when it stopped paying benefits to Plaintiff, despite the fact that Plaintiff was suffering totally disability, as that phrase is defined in the Plan.  Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

68.     Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

69.     As a result of Defendant's breach, Plaintiff suffered financial hardship.

70.     By reason of the foregoing, Defendant is liable to Plaintiff for damages.

## VII. SECOND CAUSE OF ACTION:

### Violation of Texas Insurance Code and DTPA

71.     Plaintiff realleges and incorporates each allegation contained in Paragraphs 1 through 70 of this Petition as if fully set forth herein.

72.     Due to the aforementioned acts and omissions, Defendant has violated the Texas Deceptive Trade Practices Act sections and articles in the following ways:

(a)     Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policy;

(b)     Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

(c)     Insurance Code Article § 541.060 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within a reasonable time to affirm or deny coverage of Plaintiff's claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

(d)     Insurance Code Article § 541.061 by misrepresenting the Policy by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed.

(e)     Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

(f)     Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

(g)     Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the transaction where the failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed.

(h)     Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow;

11

(i)     Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

(j)     Defendant's interpretation of the definition of disability contained in the Policy is contrary to the plain language of the Policy, as it is unreasonable, arbitrary, and capricious;

(k)     Defendant failed to furnish Plaintiff a Full and Fair Review;

(l)     Defendant failed to specify information necessary to perfect Plaintiff's appeal;

(m)     Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(n)     Defendant failed to credit Plaintiff's treating doctor's opinion;

(o)     Defendant has wrongfully terminated Plaintiff's long term disability benefits without evidence of improvement;

(p)     Defendant's request for objective evidence was improper;

(q)     Defendant failed to credit Plaintiff's credible complaints of pain, fatigue and endurance;

(r)     Defendant failed to consider the side effects of Plaintiff's medications;

(s)     Defendant has wrongfully relied on Steve Cooper, Francine Dittrich and Dr. Ronald Fraback's opinions as substantial evidence;

(t)     Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

12

(u)     Defendant failed to give Plaintiff an opportunity to respond to new evidence;

(v)     Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as a fiduciary to act in good faith;

(w)     Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(x)     Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

73.     Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

74.     Plaintiff repeats and realleges paragraphs 1 through 73 of this Petition as if set forth herein.

75.     By selling the insurance policy to Plaintiff and by collecting substantial premiums therefore Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

76.     The Plan contains an implied promise that it would deal fairly and in good faith with Plaintiff and would do nothing to injury, frustrate, or interfere with Plaintiff's rights to receive benefits under the Plan.

77.     Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

13

(a) By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such benefits;

(b) By interpreting ambiguous Plan provisions against Plaintiff and in favor of its own financial interests;

(c) By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;

(d) By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled, including several determinations by Plaintiff's treating physician, Dr. Richard Britton;

(e) By misrepresenting Plan coverage, conditions, exclusions, and other provisions;

(f) By interpreting the definition of disability contained in the Plan contrary to the plain language of the Policy and in an unreasonable, arbitrary, and capricious manner;

(g) By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

(h) By compelling Plaintiff to initiate this action to obtain the benefits to which Plaintiff was entitled under the Plan.

78. By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional distress,

mental anguish, and pain and suffering which exacerbated his Sjorgen's syndrome, autoimmune issues fibromyalgia.

79.     The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

80.     Defendant's actions directed at Plaintiff are part of a similar conduct directed at the public generally.

81.     Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

82.     Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

83.     By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

## IX. FOURTH CAUSE OF ACTION

### Fraud

84.     Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 83 of this Petition as if fully set forth herein.

85.     Defendant acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason it would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth.   The representations were made with the intention that they be acted upon by Plaintiff, who relied on those representations, thereby causing injury and damage to Plaintiff.

15

## X. FIFTH CAUSE OF ACTION

### Prompt Payment of Claim

86.     Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 85 of this Petition as if fully set forth herein.

87.     Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

88.     Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by Defendant in violation of Texas Insurance Code section 542.056(a).

89.     Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code section 542.058(a).

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

90.     Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 89 of this Petition as if fully set forth herein.

91.     Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

## XII. CAUSATION

92.     The conduct described in this Petition was a producing and proximate cause of damages to Plaintiff.

## XIII. DECLARATORY RELIEF

93.     Pleading further, Plaintiff would show he is entitled to declaratory relief pursuant to Section 37 of the Texas Civil Practices and Remedies Code. Specifically, Plaintiff would show that he is entitled to declaratory relief due to Defendant's breach of its contractual obligation under the terms of The Policy. TEX. CIV. PRACT. & REM. CODE § 37.001.

94.     The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for long term disability benefits to Defendant. The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet the Policy's definition of "disabled".

95.     The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant. Therefore, Plaintiff requests the Court exercise its power afforded under §37.001 et. seq. of the Texas Civil Practices and Remedies Code and declare the specific rights and statuses of the parties herein. Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that he is disabled as that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

## XIV. ATTORNEYS FEES

96.     Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under §37.009 of the Texas Civil Practices and Remedies Code, §38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

17

## XV. REQUEST FOR DISCLOSURE

97.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XVI. JURY DEMAND

98.    In accordance with Federal Rule of Civil Procedure 38, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XVII. KNOWLEDGE

99.    Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## XVIII. RESULTING LEGAL DAMAGES

100.   Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law.   These damages include the consequential damages to his economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law.  In addition, Plaintiff is entitled to exemplary damages.

101.   As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimal jurisdictional limits of this Court.

102.   Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

103.   Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

104.   Plaintiff is entitled to statutory interest on the amount of his claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

105.   Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practices and Remedies Code section 38.001, Texas Insurance Code section 542.060(a)(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practices and Remedies Code section 37.009.

## XIX. PRAYER

106.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that he is entitled to all past due short term and long term disability benefits and waiver of premiums benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits and waiver of premium benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

107.   Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorneys' fees, costs of suit and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and:

108.   Enter an award for such other relief as may be just and appropriate.

Dated: **6-28-16**

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW, L.L.P.

By:

Marc S. Whitehead
   Tex. Bar No. 00785238
   marc@marcwhitehead.com
J. Anthony Vessel
   Tex. Bar. No. 24084019
   anthony@marcwhitehead.com
Britney Anne Heath McDonald
   Tex. Bar. No. 24083158
   britney@marcwhitehead.com
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
ATTORNEY-IN-CHARGE
FOR PLAINTIFF,
MARK BRITTON

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**STANDARD INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS TX 75201-3136**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MARK BRITTON**

Filed in said Court **28th day of June, 2016** against

**STANDARD INSURANCE COMPANY**

For Suit, said suit being numbered **DC-16-07847**, the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 5th day of July, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
      CARMEN MOORER

---

**MAIL ATTY**

**CITATION**

**DC-16-07847**

**MARK BRITTON**
vs.
**STANDARD INSURANCE COMPANY**

ISSUED THIS
**5th day of July, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARMEN MOORER, Deputy

**Attorney for Plaintiff**
MARC STANLEY WHITEHEAD
5300 MEMORIAL DR STE 725
HOUSTON TX 77007
713-228-8888

DALLAS COUNTY CONSTABLE
FEES    FEES NOT
PAID    PAID

# OFFICER'S RETURN

Case No. : DC-16-07847

. Court No.162nd District Court

Style: MARK BRITTON

vs. STANDARD INSURANCE COMPANY

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. on the _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ day of _____

20 _____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation     $ _____

For mileage              $ _____        of _____ County, _____

For Notary               $ _____        By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____
Notary Public _____ County _____

FILED
DALLAS COUNTY
7/22/2016 5:31:20 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-02387-G   Document 1-3   Filed 08/16/16   Page 26 of 30   PageID 36

## 162nd District Court of DALLAS County, Texas
600 COMMERCE STREET, 6TH FLOOR DALLAS TX 75202

Patricia Elliott

## CASE #: DC-16-07847

**MARK BRITTON**

*Plaintiff*
**vs**
**STANDARD INSURANCE COMPANY**

*Defendant*

### AFFIDAVIT OF SERVICE

I, **REBECCA SAVAGE**, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to this action, nor interested in outcome of the suit. That I received the documents stated below on 07/22/16 1:57 pm, instructing for same to be delivered upon Standard Insurance Company By Delivering To It's Registered Agent CT Corporation System.

| | |
|---|---|
| That I delivered to | : Standard Insurance Company By Delivering To It's Registered Agent CT Corporation System. By Delivering to Terry Thongsavat, Corp Ops Spec |
| the following | : CITATION; PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND |
| at this address | : 1999 Bryan Street Suite 900 Dallas, Dallas County, TX 75201 |
| Manner of Delivery | : by PERSONALLY delivering the document(s) to the person above. |
| Delivered on | : July 22, 2016 3:15 pm |

My name is REBECCA SAVAGE, my date of birth is April 11th, 1969, and my address is Professional Civil Process Dallas, Inc., 2300 Valley View Ln, Ste 612, Irving TX 75062, and U.S.A.  I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on the _____ day of
_____July_____ , 20_16_.

REBECCA SAVAGE                                    Declarant
1279

Texas Certification#: SCH-8173 Exp. 05/31/17

Private Process Server
Professional Civil Process Of Texas, Inc      PCP Inv#: D16700253
103 Vista View Trail Spicewood TX 78669        SO  Inv#: A16702442
(512) 477-3500

AX02A16702442

rebeccag

+ Service Fee:  70.00
  Witness Fee:    .00
  Mileage Fee:    .00

Whitehead, Marc

**E-FILE RETURN**

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**STANDARD INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX  75201-3136**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MARK BRITTON**

Filed in said Court  **28th day of June, 2016** against

**STANDARD INSURANCE COMPANY**

For Suit, said suit being numbered <u>**DC-16-07847,**</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 5th day of July, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
            CARMEN MOORER

---

**MAIL ATTY**

**CITATION**

**DC-16-07847**

**MARK BRITTON
vs.
STANDARD INSURANCE COMPANY**

ISSUED THIS
**5th day of July, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARMEN MOORER, Deputy

---

**Attorney for Plaintiff**
MARC STANLEY WHITEHEAD
5300 MEMORIAL DR STE 725
HOUSTON TX  77007
713-228-8888

---

DALLAS COUNTY CONSTABLE
FEES               FEES NOT
PAID                PAID

# OFFICER'S RETURN

Case No. : DC-16-07847

Court No.162nd District Court

Style: MARK BRITTON

  vs. STANDARD INSURANCE COMPANY

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
8/15/2016 10:17:45 AM
FELICIA PITRE
DISTRICT CLERK

NO. DC-16-07847

| | | |
|---|---|---|
| MARK BRITTON, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| STANDARD INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | 162ND JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Standard Insurance Company ("Standard") files its original answer to Plaintiff's Original Petition, and states:

1.    **General Denial.** Subject to such admissions and stipulations as may be made at or before time of trial, Standard denies generally and specially the material allegations in Plaintiff's Original Petition, pursuant to TEX. R. CIV. P. 92, and demands strict proof thereof in accordance with the requirements of the laws of this state.

2.    **Relief Requested.**  Standard requests the following relief:

(a)    That Plaintiff take nothing by reason of his suit;

(b)    That Standard be dismissed with its costs; and

(c)    That Standard have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated:  August 15, 2016                    Respectfully submitted,


                                           By:  */s/ Ryan K. McComber*
                                               Ryan K. McComber
                                               State Bar No. 24041428
                                               ryan.mccomber@figdav.com
                                               Kristina A. Kiik
                                               State Bar No. 24074532
                                               kristina.kiik@figdav.com

                                           **FIGARI + DAVENPORT, LLP**
                                           901 Main Street, Suite 3400
                                           Dallas, Texas  75202
                                           Telephone: (214) 939-2000
                                           Facsimile: (214) 939-2090

                                           ATTORNEYS FOR DEFENDANT
                                           STANDARD INSURANCE COMPANY



## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served on the following counsel of record via electronic filing on August 15, 2016:

Marc S. Whitehead                          Via E-File:  Efile.TXCourts.gov
marc@marcwhitehead.com
J. Anthony Vessel
Anthony@marcwhitehead.com
Britney Anne Heath McDonald
Britney@marcwhitehead.com
Marc Whitehead & Associates,
Attorneys at Law, L.L.P.
5300 Memorial Drive, Suite 725
Houston, Texas  77007


                                            */s/ Ryan K. McComber*
                                           Ryan K. McComber